KOCH CONSTRUCTION COMPANY, INC., APPELLANT, v. LEWIS NELSON, RESPONDENT.—231 SW (2) 698.

Springfield Court of Appeals. Opinion delivered June 23, 1950.

*L. S. Dewey* for appellant.

BLAIR, J.—This case was begun in the Magistrate Court for the Western District of Jasper County, Missouri. The petition was filed

316

in that court at a time not shown by the transcript, and afterward, a transcript on appeal from the Magistrate Court to the Circuit Court of that county was filed on June 25, 1948.

The petition in replevin, alleged that, on April 1, 1948, plaintiff (appellant here) was the legal owner of one certain 4-room house, located on leased land, at what was then known as 117 North Winfield Avenue, in the city of Joplin, in said county; and that defendant (respondent here) was then in the unlawful possession of said property, and wrongfully detained possession thereof from plaintiff. The prayer of the petition was that plaintiff therein should have judgment against defendant for the recovery of said property and for damages on account of the detention thereof.

After the case went to the Circuit Court of Jasper County, on appeal, the transcript shows that defendant filed his amended answer, denying that plaintiff was incorporated, and especially denying, *first*, the right of plaintiff to maintain such procedure; *second*, denying that plaintiff had any title to the property sought to be replevined; third: that the property was then a residence and a fixture and could not be detached, without great damage to the building; and fourth, that the note and mortgage, mentioned in plaintiff's petition, were void for failure of consideration, and that defendant had already overpaid his debt for such property. Lastly, defendant pleaded fraud on the part of plaintiff and the deception of defendant, causing defendant to sign the note and mortgage, alleged to have been signed by him and his wife.

Plaintiff's reply was a general denial of the allegations of such amended answer. The foregoing was the substance of all of the pleadings filed in the Magistrate Court or in the Circuit Court on appeal.

The case came on for trial on January 10, 1949, before the Judge of Division Two of the Circuit Court of Jasper County, without a jury. Plaintiff, through counsel, made a short statement of what he claimed the facts in the case were. Defendant made no oral statement, saying that the case was to be presented later on briefs.

On March 14, 1949, the trial court entered its final judgment, as follows:

"Now at this day this cause comes on for trial. The plaintiff appears by L. S. Dewey, their attorney, and the defendant appears by W. H. Foulke, his attorney, and both parties announce ready, waive a jury, and all and singular the matters in issue are submitted to the Court for trial. After hearing all the evidence and being fully advised in "the premises the Court finds the issues in favor of the defendant; that the defendant is the owner of and entitled to the possession of the following described personal property, to-wit:

"One certain 4 room house located on leased land at what is known as 117 N. Winfield avenue in the City of Joplin, Jasper County, Missouri.

"It is therefore ordered and adjudged by the Court that the defendant have and retain the specific personal property, to-wit: One certain 4 room house located on leased land at what is known as 117 N. Winfield avenue in the City of Joplin, Jasper County, Missouri."

"It is therefore ordered and adjudged by the Court that the defendant have and retain the specific personal property, to-wit: One certain 4 room house located on leased land at what is known as 117 N. Winfield avenue in the City of Joplin, Jasper County, Missouri."

On March 21, 1949, plaintiff filed its motion for a new trial, as follows:

"Comes, now, the above named Plaintiff and moves the Court to set aside the Judgment rendered in this action for the reason that said verdict and decree is against the law and the evidence produced at the trial of this cause and to grant a new trial of said action."

Which motion was overruled by the Circuit Court on April 18, 1949. Plaintiff gave notice of appeal on April 26, 1949.

Before setting out any of the evidence in the case, we should determine whether or not the quoted motion for a new trial was sufficient to justify an appeal by plaintiff. A motion for a new trial on the ground that the verdict of the jury is against the weight of the evidence, is not sufficient to attack the verdict of a jury on appeal; but the situation is entirely different, when such verdict or the finding of the trial court, without a jury, is not supported by any evidence whatever.

In the very recent case of Charles Johnson v. Freeman Lea, No. 6898, by this Court, and not yet reported, we held that an allegation in the motion for new trial that the verdict and judgment were not supported by the evidence was sufficient to require an examination of the evidence by an appellate court.

Practically the same is held in Missouri Pleading and Practice, Annotated, Houts, Vol. 2, sec. 445, page 64, citing nine cases in purported support thereof.

It is true that a chattel mortgage of real estate is invalid. 10 American Jurisprudence, Sec. 25, page 734, citing Beeler, v. C.C. Mercantile Co. 1 Ann. Cases 310, and other cases; Cross v. Weare Commission Co., 38 N. E. 1038, and other cases; and Richardson v. Copeland, 66 Am. Dec. 424, and other cases. In the Beeler case and in the Richardson case, even if the instrument was intended by the makers thereof, to be a chattel mortgage, there had been no separation of the property purporting to be covered by the chattel mortgage, from the real estate itself, and the purported chattel mortgage was held to be invalid in those cases, and for such reason.

In the Cross case, the parties to the instrument may have intended it to be a chattel mortgage. The elevator, covered by the chattel mortgage, was on leased premises. But the Illinois Court held the supporting land to be real estate. The instrument was held not to be a chattel mortgage, because such elevator could not be removed, without injury to the real estate and the building itself.

Those cases are not applicable here, because defendant and his wife, not only recognized, in the chattel mortgage given, that the house covered was personal property, but accepted a bill of sale from the plaintiff describing the house, as such. They described the house as being located on leased land, for which defendants were bound to pay $2.00 per month, as ground rental. The evidence here clearly discloses that a removal of the house itself could have been effected, without damage to the house or the real estate upon which it was located.

Defendant and his wife gave a so-called chattel mortgage on such house, in which they described the house as personal property, and admitted that said house was located on mining land. In addition, the trial court specifically authorized defendant to retain the specific personal property, located on mining land, and said:

"It is therefore ordered and adjudged by the Court that the defendant have and retain the specific personal property, to-wit: One certain 4 room house located on leased land at what is known as 117 N. Winfield avenue in the City of Joplin, Jasper County, Missouri."

We are somewhat at a loss to determine on what theory the trial court found for defendant, if it was not for fraud or because the sale and removal of such house would damage the land or the building itself.

There was an abundance of evidence that plaintiff was incorporated and had regularly paid all of the incorporation fees required. Defendant fully recognized the rights and interest of plaintiff in the house covered by his chattel mortgage. Defendant was not in a position to claim that the house was a fixture, when he called it personal property. The claim that defendant had already paid more than the value of the property is absurd, in view of defendant's note and chattel mortgage therefor given to plaintiff.

The claim in the amended answer, that plaintiff was guilty of false and fraudulent representations, is also absurd, in view of defendant's testimony that he only talked to the secretary of plaintiff and that she made no representations to him whatever, and that he did not talk to the president of plaintiff at all. He made no proof whatever as to the condition of the house, at the time he signed the note and mortgage. He saw it for himself. There was no evidence that such note and chattel mortgage were secured by fraud and misrepresentations. The burden of making proof of false representations was upon defendant, and defendant offered no such proof. Besides, he made several pay-

ments on the note, given by him and his wife, since the time the alleged false representations are claimed to have been made.

For all these reasons, the judgment of the trial court must be reversed and the cause remanded to that court for new trial, to be tried in accordance with this opinion.

It is so ordered. *Vandeventer, P. J.,* and *McDowell, J.,* concur.